UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MORT, | ) 1:07-cv-01478-AWI-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING APPLICATION FOR |
| v. | ) FILING LATE RESPONSIVE BRIEF |
| | ) REGARDING MOTION TO STRIKE (DOC. |
| MICHAEL J. ASTRUE, | ) 20) |
| Commissioner of Social | ) |
| Security, | ) ORDER DENYING DEFENDANT'S MOTION |
| | ) TO STRIKE BRIEF (DOC. 18) |
| Defendant. | ) |
| | ) ORDER DIRECTING PLAINTIFF TO FILE |
| | ) A SUPPLEMENTAL SUMMARY OF FACTS |
| | NO LATER THAN FIFTEEN DAYS AFTER |
| | THE DATE OF SERVICE OF THIS ORDER |
| | |
| | DIRECTIONS TO DEFENDANT TO FILE |
| | DEFENDANT'S BRIEF NO LATER THAN |
| | THIRTY DAYS AFTER THE DATE OF |
| | SERVICE OF PLAINTIFF'S |
| | SUPPLEMENTAL SUMMARY |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and 72-303.

On May 21, 2008, Plaintiff filed the opening brief. Almost a month later on June 17, 2008, Defendant filed a motion to strike Plaintiff's brief because it did not comply with the Court's

1

scheduling order that issued on October 11, 2007. Paragraph eleven of the order required that the brief contain a summary of all relevant medical evidence and a summary of all relevant testimony.

The Court granted Plaintiff an opportunity to file opposition to the motion to strike, which Plaintiff subsequently filed on July 7, 2008.

## I. Plaintiff's Application to File Late Opposition

Plaintiff's application to file a late opposition omits any statement of good cause for Plaintiff's counsel's initial failure to be aware of and process the minute order directing the filing of opposition. As with all minute orders, this minute order was transmitted electronically to the parties on June 18, 2008.

However, in the interests of facilitating the progress of the case towards resolution on the merits, Plaintiff's application to file a late opposition IS GRANTED.

## II. Motion to Strike Plaintiff's Brief

Review of the brief submitted by Plaintiff reveals that facts are set forth in the argument section of the brief, but there is no section that directly and simply summarizes the relevant medical history and the testimony.

A "summary" is a statement of matter set forth for easier remembering, for better understanding, or for showing the relation of points. Webster's Third New International Dictionary of the English Language Unabridged p. 2289 (2202). The scheduling order requires summaries, as distinct from descriptions or statements, of the relevant medical evidence and the testimony. (Sched. Order, ¶ 11(b), (c).) The purpose of the requirement of a

summary is to inform the Court in the most useful fashion of the medical history and testimony of an applicant. The summary form, as distinct from scattered references to medical evidence or testimony in argument, is particularly helpful in cases involving review of administrative decisions of the Commissioner of Social Security because it is necessary for the Court to have a chronological overview of the medical record; further, in many cases, the Court must review the Commissioner's weighing of the entire medical record. The clear intent of the scheduling order is to put the burden on the parties, and not the Court, to summarize the relevant evidence concisely and fully.

Although the brief filed by Plaintiff does advert to the medical evidence and testimony, it does so in a form that is not as useful to the Court as the summary form. Plaintiff's brief does not comply with the letter or spirit of the scheduling order. This defect is particularly problematic in light of the high caseload of this Court and the shortage of judicial resources.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Further, the Court has broad discretion to interpret and apply its local rules. Dulange v. Dutro Construction, Inc., 183 F.3d 916, 919 n. 2 (9th Cir. 1999).

In this instance, in light of the nature of the analysis and argument set forth in the brief, and in the effort to minimize any further delay, the Court will not strike the entire brief of

3

the Plaintiff. Instead, the Court will grant Plaintiff fifteen days in which to serve and file a supplemental summary of medical evidence and testimony, which shall be considered by the Court and the Defendant as part of the opening brief.

### III. Informational Order to Plaintiff and Counsel

Plaintiff and his counsel, Young Cho and the Law Offices of Lawrence D. Rohlfing, ARE INFORMED that the Court's scheduling order requires a statement in summary form of the relevant medical evidence and testimony. Briefs that omit this requirement ARE SUBJECT TO BEING STRICKEN.

Further, Plaintiff and his counsel ARE INFORMED that any failure to comply with the provisions of the scheduling order will be considered to be a failure to comply with an order of the Court and may result in either a recommendation that sanctions, including dismissal, be imposed, or in the direct imposition of such sanctions.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court, statutes, or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). A court may impose monetary sanctions, payable to the court, in the nature of a fine pursuant to the court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules. Id. at 1480. Sanctions

1  should not be imposed without giving counsel notice and an
2  opportunity to be heard. <u>Miranda v. Southern Pacific Transp. Co.</u>,
3  710 F.2d 516, 522-23 (9th Cir. 1983).
4       Further, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

For action to be considered unreasonable and vexatious, it must involve bad faith, improper motive, or reckless disregard of the duty owed to the Court. <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998); <u>New Alaska Development Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney subject to sanctions pursuant to § 1927 is entitled to notice and an opportunity to be heard by way of briefing, but no oral or evidentiary hearing is required. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d at 1118.

IV. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) Plaintiff's application to file late opposition to the motion to strike IS GRANTED; and

2) Defendant's motion to strike Plaintiff's opening brief IS DENIED; and

5

1    3) Plaintiff IS DIRECTED to file no later than fifteen days after the date of service of this order a supplemental summary of the relevant medical evidence and testimony, which shall be considered to be part of the opening brief; and

    4) Defendant IS DIRECTED to file Defendant's opposing brief no later than thirty days after the date of service of Plaintiff's supplemental summary.

IT IS SO ORDERED.

**Dated:   July 8, 2008**                    /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE